**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CLEVER COVERS, INC.,**

    **Plaintiff,**

**-vs-**                 Case No. 6:06-cv-511-Orl-31DAB

**SOUTHWEST FLORIDA STORM
DEFENSE, LLC, JACK DAVID
MCGUIRE, TRACY SUSANNE
MCGUIRE, MICHAEL JOSEPH
GALBRAITH, II, DENNIS SHAW,
MICHAEL SHAW,**

    **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 82)**
>
> **FILED:**   **November 7, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Clever Covers, Inc. d/b/a Storm Stoppers has obtained entries of default against six of the Defendants who had either failed to defend or had their pleadings stricken in the case. Doc. Nos. 71, 72. Plaintiff now moves for final default judgment, including damages, against these six Defendants.

**Procedural History**

On April 14, 2006, Plaintiff Clever Covers, Inc. filed a Complaint against multiple Defendants for copyright violations, trademark infringement, and deceptive trade practices in copying Plaintiff's website for sales of its trademarked Storm Stopper hurricane shutter system. Doc. No. 1. Plaintiff obtained an entry of default against Michael Joseph Galbraith, Dennis Shaw, and Michael Shaw on July 27, 2006, when they failed to respond to the Complaint. Doc. No. 34. Although Defendants Jack David McGuire, Tracy Susanne McGuire and Defendant Southwest Florida Storm Defense initially answered the Complaint (Doc. No. 12), on December 1, 2006, the Court entered an Order allowing counsel for individual Defendants Jack David McGuire and Tracy Susanne McGuire – principals of Defendant Southwest Florida Storm Defense – to withdraw as attorney of record and cautioning these Defendants that they were then proceeding *pro se*. Doc. No. 53. At that time, the Court denied counsel's withdrawal as to Southwest Florida Storm Defense, L.L.C., but cautioned that its continued failure to cooperate with counsel "may cause it to suffer the consequences of compromised legal representation, and may result in a having a default judgment entered against it." Doc. No. 53.

On June 6, 2007, Judge Presnell granted the Motion to Withdraw as Attorney filed by counsel for Defendant Southwest Florida Storm Defense, L.L.C. ("SFSD") and ordered the company to find new counsel within twenty days or be subject to default judgment. Doc. No. 67. Because Defendant SFSD had failed to retain new counsel, evinced by the lack of any Notice of Appearance, on July 18, 2007, the Court ordered all three Defendants to show cause why default judgment should not be entered against them. Doc. No. 73. The Court docket indicates that official mailings to the McGuire Defendants from the Clerk repeatedly have been returned as undeliverable. *See, e.g.,* entries of October 17, 2007 and November 21, 2007.

This Court recommended that default judgment be entered against Defendant Southwest Florida Storm Defense, L.L.C., for failure to obey the Court's order to obtain new counsel and against Defendants Jack David McGuire and Tracy Susanne McGuire as a sanction for the failure to cooperate in discovery. Although Judge Presnell initially granted Plaintiff's Motion granting default judgment against certain Defendants (Doc. No. 76), he subsequently vacated that Order and, to more effectively manage the case and clarify the status of all parties involved, allowed Plaintiff to file a motion for final default against all remaining six Defendants. Doc. No. 79. Judge Presnell also struck the pleadings of Defendants Southwest Florida Storm Defense, LLC, Jack David McGuire and Tracy Susanne McGuire for abandonment of the litigation and failure to comply with the Orders of the Court. Doc. No. 79.

Plaintiff has now moved for final default judgment against the six remaining Defendants who have not agreed to permanent injunctions[1] or been dismissed. *See, e.g.*, Doc. No. 37, 38, 43. The Court noticed the matter for evidentiary hearing and oral argument on the Motion and damages. Doc. No. 83. Defendants were ordered to raise any issues as to the nature of the proceedings, including whether they believed they had a right to a jury trial[2] on the issue of damages, by November 27, 2007 or such issues would be waived. Doc. No. 83. The matter came on for hearing on December 3, 2007, and none of the Defendants in default made an appearance. Doc. No. 84. Being that none of the remaining Defendants have appeared or made any effort to defend since defaults were entered against

---

[1] Florida Storm Safe Panels, Inc., Paul B. Kuttler and Sandra McGill were permanently enjoined from using certain logos, terms, and advertising on July 9, 2007. Doc. No. 70.

[2] When a plaintiff seeks statutory damages in excess of the $750 minimum, the infringer has a Seventh Amendment right to a jury determination of the amount of statutory damages. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 342 (1998); *Cynthia Hunt Productions, Ltd. v. Evolution of Fitness Houston Inc.*, __ F. Supp.2d __, 2007 WL 2363148, *6 n.1 (S.D. Tex. 2007) (holding defendant had waived its right to a jury determination of statutory damages by failing to make a demand for a jury trial).

them, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Final Default Judgment be entered against Defendants Southwest Florida Storm Defense, LLC; Jack David McGuire; Tracy Susanne McGuire; Michael Joseph Galbraith, II; Dennis Shaw; and Michael Shaw.

**Default Judgment**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). A district court may also strike pleadings and direct a clerk to enter default against defendants who have made an appearance as a sanction for discovery abuses or the abandonment of defenses. *See Pickett v. Executive Preference Corporation*, 2006 WL 2947844 (M.D. Fla. Oct. 16, 2006) (striking defendant's pleadings for abandoning its defense, and directing Clerk to enter default against defendant).

The Federal Rules of Civil Procedure also gives a district court the power to enter a default, strike pleadings, or render judgment against a party that disobeys the court's discovery or pretrial scheduling orders. *See* FED. R. CIV. P. 37(b)(2)(C) (The court may enter "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."); *see also* FED.R.CIV.P. 16(f) (incorporating the sanction powers articulated in Rule 37(b)(2)(C) as applied to scheduling or pretrial orders).

Defendants Dennis Shaw, Michael Shaw, and Joseph Galbraith were served with a summons and copy of Plaintiff's Complaint; however, these Defendants did not file a timely response with this Court after they were served with process. Defendants Southwest Florida Storm Defense, L.L.C., Jack David McGuire, and Tracy Susanne McGuire initially asserted defenses to the claims brought by Plaintiff against them but later abandoned their respective defenses and had default entered against

them as well.  The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default against them served to admit the well pleaded allegations of the First Amended Complaint, including that Defendants' infringement of Plaintiff's copyright was willful. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

Because default has been properly entered against Defendants Dennis Shaw, Michael Shaw, Joseph Galbraith, Southwest Florida Storm Defense, L.L.C., Jack David McGuire, and Tracy Susanne McGuire, they are deemed to have admitted the allegations made in Plaintiff's First Amended Complaint.  *See* Doc. No. 49.  Plaintiff has used the name of "Storm Stoppers" with a stylized "S" and "The Plywood Alternative" since September 12, 2004 in commerce, advertising, and marketing to identify its business and products, including a website containing numerous images and word content at www.storm-stoppers.com ("the Website") since September 29, 2004 on which it owns a copyright registration (TX-6-188-379).  Doc. No. 49 ¶¶ 6, 13-14.  Plaintiff also owns copyright registrations for the installation instructions and other related original descriptive language (Registration Numbers: TX-6-188-380; TX-6-397-913) Doc. No. 49 ¶ 16.  Defendants began using images and word content from Plaintiff's copyrighted website in commerce and in advertising and marketing efforts with respect to their storm shutter businesses and related products.  Doc. No. 49 ¶ 17.

From the date that they first began using the images and word content from Plaintiff's copyrighted Website in commerce and in advertising and marketing efforts, Defendants had actual knowledge of the existence of the Plaintiff and its business activities, including Plaintiff's publication of its "Storm-Stoppers.com" Website, the installation instructions for its products entitled "Installation instructiosn for storm stoppers", and related descriptive language in advertising and marketing efforts used to identify Plaintiff's storm shutter business and products including the "Storm-Stoppers.com

2005 Homepage." Doc. No. 49 ¶ 18. Defendants have had access to Plaintiff's work that is the subject of U.S. Copyright Registration Numbers TX-6-188-379, TX-6-188-380, and TX-6-397-913[3]. Doc. No. 49 ¶ 44. Defendants willfully copied protectable expression contained in Plaintiff's works in that: 1) Defendants had access to the proprietary material; and 2) certain advertising material of the Defendants display works which are substantially similar to Plaintiff's registered copyrights. (U.S. Copyright Registration Numbers TX-6-188-379, TX-6-188-380, and/or TX-6-397-913). Doc. No. 49 ¶ 45.

Defendants have also reproduced or prepared infringing derivative work or work substantially similar to Plaintiff's works and have distributed or publicly displayed such works to the public both within and without the Middle District of Florida and in violation of Plaintiff's exclusive rights under the copyright laws. *See* 17 U.S.C. §§ 106(1), 106(2), 106(3), 106(5), and 113. Doc. No. 49 ¶ 46. Defendants maintain and/or control individual websites which display infringing words and images including: www.swflstormdefense.com; www.floridastormsafe.com; www.stormdefensenorth-fortmyers.com. Doc. No. 49 ¶ 46. Defendants' infringing acts were committed willfully. Doc. No. 49 ¶ 47. *See, e.g., Arista Records, Inc. v. Beker Enterprises, Inc*., 298 F.Supp.2d 1310, 1313 (S.D. Fla. 2003) (inferring that any alleged infringement was willful because of the defendant's default). As a result of these acts of infringement, Plaintiff has suffered, and continues to suffer great harm, including, but not limited to, economic harm. Doc. No. 49 ¶ 48.

**Damages**

Once liability is established, the district court must also assess damages. *Chanel, Inc. v. French*, 2006 WL 3826780 *2 (S.D. Fla. 2006). The traditional remedies for violations of the

---

[3]The effective date of registration for TX-6-188-379 and TX-6-188-380 is July 29, 2005; for TX-6-397-913 is August 4, 2006.

Copyright Act include injunctive relief, impoundment and destruction of infringing articles, money damages, and costs and fees. 17 U.S.C. §§ 502-505.

Default judgments for both injunctive and monetary relief may be entered when a defendant fails to respond to or defend against claims of copyright infringement. *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F.Supp.2d 1310, 1312 (S.D. Fla. 2003). As to monetary damages, Plaintiff can elect to seek statutory damages, actual damages, or a disgorgement of Defendants' profits. *See id.* at 1312; *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) (party may elect to waive a jury trial and allow the court to determine its statutory damages).[4] *See* Doc. No. 82 at 16. John Smith[5], the corporate representative of Plaintiff, has identified the infringing material obtained by Plaintiff's own investigation. Doc. No. 85, Ex. A-1. However, as Plaintiff points out, due to the six defaulted Defendants' failure to either respond to Plaintiff's pleadings or to participate in discovery, Plaintiff has been unable to obtain or ascertain whether these Defendants used or created additional material that infringed Plaintiff's copyrights in advertising mediums other than websites and handbills (such as newspaper ads, circulars, or other written marketing material). In addition, due to Defendants' default, Plaintiff has been unable to obtain any evidence regarding to what extent the defaulted Defendants profited from the unauthorized and infringing use of the copyrights at issue or to what extent Plaintiff has suffered actual damages such as lost sales. As such, Plaintiff has been foreclosed from ascertaining the amount of actual damages it suffered, or the six defaulted Defendants' profits derived from the display and use of the infringing material, because these Defendants' have failed to respond or participate in discovery. *Sara Lee Corp. v. Bags of New York,*

---

[4]The defaulted Defendants were provided with an opportunity to seek a jury trial on the damages portion of the case. *See* Doc. No. 83. None of them filed an objection to Plaintiff's intent to waive the jury on damages and they did not appear at the evidentiary hearing on damages held on December 3, 2007. Doc. No. 84.

[5]Mr. Smith was present and available to testify at the evidentiary hearing. Doc. No. 84. Because no Defendant appeared at the hearing, the Court will rely on his affidavit filed in support of the Motion. Doc. No. 85.

*Inc.*, 36 F.Supp.2d 161, 165-166 (S.D. N.Y. 1999) (statutory damages are appropriate when an infringer's non-disclosure of pertinent facts leaves damages uncertain).

As Mr. Smith's affidavit points out, Defendants Southwest Florida Storm Defense, L.L.C., Jack McGuire, Tracy McGuire, and Michael Galbraith all had a working relationship with Plaintiff prior to the filing of this infringement action, and in their licensing agreement with Plaintiff, acknowledged the validity of Plaintiff's intellectual property. Doc. No. 82, Ex. A3 (Licensing Agreement) at 4-6, ¶ 6(a)-(n). These four Defendants specifically knew of the existence of Plaintiff's copyrights and for a six month period actually used the images and text while acting as both a licensee of Plaintiff's intellectual property and an authorized distributor if its products; after their licenses expired, they willfully and without authority continued to use Plaintiff's copyrighted advertising and marketing material including both images and text to sell a competing type of storm protection panel. *See id.*

A finding of willful infringement justifies an award of heightened damages and attorney's fees. *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1476 (11th Cir. 1991); *Macklin v. Mueck*, 2005 WL 1529259 (S.D. Fla. 2005) (increasing an award to that of maximum statutory damages where copyright infringement was willful). The Court may consider the expenses saved by and the profits reaped by the infringer, revenues lost by the copyright holder as a result of the infringement, and the infringer's state of mind, whether willful, knowing, or innocent. *Nintendo of America, Inc. v. Ketchum*, 830 F.Supp. 1443, 1445 (M.D. Fla. 1993). "The court should be guided by purposes of the Act including restitution to prevent unjust enrichment, reparation of injury, and deterrence of further wrongful conduct by defendant and others." *Id*. at 1445.

Because the Court finds that Defendants' infringement of Plaintiff's copyrighted works was willful[6], the limits set forth in 17 U.S.C. 504(c)(2) – which sets the "willful" statutory damages range from $200.00 and $150,000.00 – applies.  When a suit involves infringement of more than one separate and independent work, statutory damages for each work should be awarded.  When a plaintiff in a copyright suit elects statutory damages, the damages are calculated based on the number of copyrighted works and the number of infringers, not the number of incidents of infringement. *Fitzgerald v. CBS Broadcasting, Inc.,* 491 F.Supp.2d 177, 182 (D. Mass. 2007) (citing *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 194 (1st Cir. 2004); 17 U.S.C. 504(c)(1); H.R.Rep. No. 94-1476 at 162 (1976), U.S.C.C. & A.N. 1976, at 5659, 5778 ("A single infringer of a single work is liable for a single amount . . . no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series.")).

Plaintiff concedes that Copyright Registration Number TX-6-397-913 can be construed as a continuation or update of TX-6-188-379; thus infringement of those registered works should be considered as one work for purposes of calculating statutory damages.  The Court finds Copyright Registration Number TX-6-188-380 is a separate work and it will be considered independent of the other copyright registrations at issue.  Thus, the Court will award statutory damages for infringement of two separate and independent works.

Plaintiff requests that, at least to the four former-licensee Defendants (Southwest Florida Storm Defense, L.L.C., Jack McGuire, Tracy McGuire, and Michael Galbraith as joint tortfeasors), that the maximum statutory damages should be levied against them jointly and severally for their

---

[6]*See Arista Records, Inc. v. Beker Enterprises, Inc*., 298 F.Supp.2d 1310, 1313 (S.D. Fla. 2003) (inferring that any alleged infringement is willful based on defendant's default).

willful infringements of Plaintiff's two independent copyrighted works for a total of $300,000.00 (reflecting the statutory maximum of $150,000.00 per infringement). Statutory damages are not designed to be merely compensatory or restitutionary, but are also meant to discourage wrongful conduct. *Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 113-14 (2d Cir. 2001); *Harrison Music Corp. v. Tesfaye,* 293 F.Supp.2d 80, 83 (D.D.C. 2003). "Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy [of discouraging wrongful conduct]." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). Several courts have found statutory damages are especially appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the infringers' control and is not disclosed. *Microsoft Corp. v. McGee,* 490 F.Supp.2d 874, 882 (S.D. Ohio 2007) (citing cases).

Mr. Smith's uncontroverted affidavit states that Defendants Michael Galbraith and Jack McGuire were authorized licensees of Plaintiff's intellectual property and distributors of Plaintiff's products operating under the trade name "Affordable Storm Protection of SW Florida"; their licence expired on November 30, 2005. *See* Doc. No. 82-12 & 82-13. After the license expired with Plaintiff, they disbanded that company, however, Jack McGuire and Galbraith, along with McGuire's wife Tracy McGuire, restarted a similar business in or around early 2006 as Southwest Florida Storm Defense, LLC d/b/a Storm Defense and Storm Defense USA. Doc. No. 85-2 ¶ 13.

However, the McGuires and Galbraith continued to advertise their business using Plaintiff's intellectual property without authority or license. Doc. No. 85-2 ¶ 13. Defendants Jack and Tracy McGuire, Michael Galbraith, and Southwest Florida Storm Defense, LLC then began sub-licensing Plaintiff's intellectual property, to other individuals and entities such as Defendants Dennis Shaw and Michael Shaw who did business under the names Kwik Fix and Storm Defense USA North Fort

Myers. Doc. No. 85-2 ¶ 14. These Defendants used virtually the same images and promotions test as did the McGuires, Galbraith, and Southwest Florida Storm Defense, LLC. Doc. Nos. 85-2 ¶ 14; 82-5. As one court explained with reference to the copying of published websites:

> By accessing a webpage, the user not only views the page but can also view-and copy-the code used to create it. In other words, merely by accessing a webpage, an Internet user acquires the ability to make a copy of that webpage, a copy that is, in fact, indistinguishable in every part from the original. Consequently, when a website goes live, the creator loses the ability to control either duplication or further distribution of his or her work. A webpage in this respect is indistinguishable from photographs, music files or software posted on the web-all can be freely copied. Thus, when a webpage goes live on the Internet, it is distributed and "published" in the same way the music files in Napster or the photographs in the various Playboy decisions were distributed and "published."

*Getaped.Com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 406-07 (S.D. N.Y. 2002) [footnote omitted].

The pictures and information on the Southwest Florida Storm Defense website is identical to the information on Plaintiff's website. *Compare* Doc. No. 82-5 to 82-4. In fact, the text of the Southwest Florida Storm Defense website even (inadvertently) says "homeowners buying our products find ***Storm Stoppers*** to be extremely easy to cut." Doc. No. 82-5 at 1. That leaves no doubt that the content was copied from Plaintiff's site. The domain name for Southwest Florida Storm Defense (swflstormdefense.com) is registered to Tracy McGuire. Doc. No. 82-10. The Court finds that an appropriate award against the McGuires, Galbraith, and Southwest Florida Storm Defense, LLC is $31,000 per infringed copyright, for a total award of $62,000.

In calculating statutory damages in *Getaped.Com, Inc. v. Cangemi,* the court awarded $30,000 for the infringer's willful infringement of a motorized scooter company's website by a competitor. 188 F.Supp.2d 398, 402-03 (S.D. N.Y. 2002). The court found that, although the plaintiff did not brief the issue during the damages proceeding, there was sufficient evidence that defendants had "recklessly disregarded the possibility" that their activities constituted copyright infringement based

on the fact the defendants copied plaintiff's source code, there was no argument of fair use, plaintiff's website had a prominent copyright notice, and defendants continued their infringing activities despite notice from the plaintiff.  Similarly, in *Zomba Enterprises, Inc. v. Panorama Records, Inc.,* the Sixth Circuit affirmed the district court's statutory damages award of $31,000.  491 F.3d 574, 586 (6th Cir. 2007).  The district court had concluded exceeded the "maximum statutory amount of $30,000 per work for 'innocent' infringement" because it was "not sufficient" given "the clearly willful nature of Defendant's conduct" but was much less than the maximum award of $150,000 per willful infringement because it was "excessive, given the dollar amounts involved in the case."  *Id*.  The district court had been unable to calculate the actual damages based on the record before it, but was able to estimate the plaintiff had lost approximately $18,000 in royalties and fees and the defendant's net profit attributable to the infringing conduct was approximately $10,000, although the figures were not substantiated to the district court; thus, the plaintiff's actual damages would have been close to $28,000 if it had not elected to pursue statutory damages. *Id*.  The appellate court observed that the district court's award of $31,000 "indicate[d] that it believed . . . [the defendant's] willfulness prompted the district court to conclude that the maximum penalty for nonwillful infringement was not sufficient given [the defendant's] conduct."  *Id*.  586.

Here, although Plaintiff seeks the maximum amount of statutory damages of $150,000 for infringement of two copyrights, but Plaintiff is not automatically entitled to the maximum amount of statutory damages simply because it has shown the McGuire/Galbraith Defendants acted willfully. *See Peer Internat'l Corp. v. Luna Records*, 887 F. Supp. 560, 569 (S.D. N.Y. 1995).  While Plaintiff has provided sufficient evidence of the McGuire/Galbraith Defendants' infringement, it has failed to provide any evidence whatsoever of its own lost sales, profit, or licensing fees.  Under the terms of the McGuire/Galbraith Licensing Agreement with Plaintiff, they were obligated to purchase a

minimum of 200 of Plaintiff's trademarked "storm stoppers" during every 90 day period. Even at an approximate cost of $200 per "Storm Stopper" corrugated plastic sheet, this lost guaranteed revenue stream would amount to approximately $160,000.[7]  Plaintiff did not provide figures for its lost sales even to this licensee.

Moreover, "[s]tatutory damages are not intended to provide a plaintiff with a windfall recovery"; they should bear some relationship to the actual damages suffered. *Id*. at 568-69. The court in *Peer International Corporation*, was faced with a "paucity of information on which to base the award of statutory damages," where neither party had "ventured an estimation of the fair market value of the rights infringed, nor of the revenue lost by plaintiffs, nor of the profits gained by defendant as a result of the infringements." *Id*. at 568. The court ended up awarding $10,000 to $25,000 in statutory damages for infringement of seven compositions, where actual damages were approximately $4,100, and rejected the plaintiff's request for the $100,000 statutory maximum (prevailing at that time). *Id*. at 569. It is respectfully **RECOMMENDED** that judgment be entered against Defendants Jack and Tracy McGuire, Michael Galbraith, and Southwest Florida Storm Defense, LLC , jointly and severally, for $31,000 per infringed copyright, or a total of $62,000.

Although the website of Defendants Dennis Shaw, Michael Shaw, and Storm Defense USA is also virtually identical to Plaintiff's and thus infringing, it is not clear that these Defendants – who were not directly connected to Plaintiff as former licensees – willfully infringed Plaintiff's copyright. At the end of the Shaw/Storm Defense USA website is listed a copyright of "2005" for "Southwest Florida Storm Defense," the McGuire/Galbraith website. Doc. Nos. 82-8, 82-9. Moreover, Plaintiff refers to them as "sub-licensees." Doc. No. 82 at 13.  It is not clear that the Shaw/Storm Defense

---

[7]Plaintiff's counsel at the hearing stated that his investigation showed that these Defendants were no longer in business.

USA Defendants understood the extent of their infringement; Plaintiff concedes as much by seeking the statutory maximum only against the McGuire/Galbraith Defendants. *See* Doc. No. 82 at 18. It is respectfully **RECOMMENDED** that judgment be entered against Defendants Dennis Shaw, Michael Shaw, and Storm Defense USA, jointly and severally, for $15,000 per infringed copyright, or a total of $30,000.

### Injunctive Relief

Plaintiff is also entitled to injunctive relief in addition to monetary damages. 17 U.S.C. § 502; *Arista*, 298 F. Supp. 2d at 1314 (citing *Sony Music Entertainment, Inc. v. Global Arts Prod.*, 45 F.Supp.2d 1345, 1347 (S.D. Fla. 1999) (entering permanent injunction against copyright infringer on default judgment)). It is respectfully **RECOMMENDED** that the Proposed Injunction (Doc. No. 82-14 - Ex. B) – which is similar to injunctions the Court has already entered against other Defendants and more specifically tailored to these Defendants' infringing conduct – be entered to prohibit further infringing conduct by the Defendants. Plaintiff is also entitled to an order for the destruction of all infringing copies but because Plaintiff has not been able to establish that there are physical documents or other material to seize, Plaintiff did not request such an order at this time.

### Attorney's Fees

Plaintiff seeks an award of $16,125 in fees and $701.75 in costs for the prosecution of its claims against the six defaulted Defendants. In deciding whether to award attorney's fees, the court should consider the following factors: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994); *Harrison Music Corp. v. Tesfaye,* 293 F.Supp.2d 80, 84 (D.D.C. 2003). The Copyright Act seeks to stimulate artistic creativity for the general public good and discourage infringement. *Fogerty*, 510 U.S. at 526-27. Awarding attorney's fees addresses these

goals because it enables people to vindicate or defend their rights where it would otherwise be uneconomical to do so. *Id*. at 529. Fees and costs of suit are commonly awarded by courts in copyright infringement default cases. *Arista*, 298 F. Supp. 2d at 1316.

Plaintiff has submitted the affidavit of his counsel, Travis Hollifield, Esq., who has expended 53.75 hours at a rate of $300.00 per hour for work relating to the six defaulted Defendants for: extensive pre-suit investigation, analysis of infringing material, preparation of the lawsuit, etc., and preparation of the Motions for Default and Default Judgment, and Case management Report. Doc. No. 82-15. The hours expended and the rates charged are reasonable given the circumstances of this case; therefore it is respectfully **RECOMMENDED** that Plaintiff be awarded $16,125.00 in attorney's fees.

Costs of $701.75 for service of six summons and the court filing fee are reimbursable under the statue; however, Plaintiff should seek costs separately under a bill of costs on a form obtainable from the Clerk once judgment has been entered. *See* Rule 54(d).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 18, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy